IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-354-WYD-OES

TREESA GOODWIN,

    Plaintiff(s),

v.

STAR TRANS INC.; and
JOHN DAVID GLOVER, EMPLOYEE STAR TRANS INC.,

    Defendant(s).

## ORDER

THIS MATTER is before the Court on Defendant StarTrans, Inc.'s Motion to Dismiss, filed July 12, 2005 ("Motion to Dismiss"), and Plaintiff's Motion to Change Venue in Response to StarTrans, Inc.'s Motion to Dismiss, filed August 1, 2005 ("Motion to Change Venue").  In the Motion to Dismiss, Defendant StarTrans asserts that this action should be dismissed because Defendants are not subject to personal jurisdiction in Colorado.  In response to the Motion to Dismiss, Plaintiff filed a Motion to Change Venue requesting that this Court deny the Motion to Dismiss and enter an order for change of venue to the United States District Court, District of South Carolina, pursuant to 28 U.S.C. § 1404.

I begin with an analysis of the Motion to Dismiss.  It is the plaintiff's burden to allege in the Complaint sufficient facts to support a reasonable inference that *in personam* jurisdiction exists.  *See Texair Flyers, Inc. v. District Court*, 506 P.2d 367,

369 (Colo. 1973).  To satisfy this burden, Plaintiff need only make a *prima facie* case of personal jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction.  *See GCI 1985-1 Ltd. v. Murray Properties Partnership*, 770 F.Supp. 585, 587 (D.Colo. 1991).  To this effect, "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits[,] [and] [i]f the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."  *Id.* at 587 (citations omitted).  In considering a motion to dismiss based on personal jurisdiction, the Court must engage in a two-step analysis.  First, the Court must determine whether the exercise of jurisdiction is sanctioned by the Colorado long-arm statute, which is a question of state law.   Second, the Court must then determine whether the exercise of jurisdiction comports with the due process requirements of the United States Constitution.  *Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995).

In the Complaint, Plaintiff alleged that Defendant StarTrans is incorporated in South Carolina with it principal corporate office in South Carolina, that Defendant Glover presently resides in South Carolina, and that the accident which is the subject of the Complaint occurred in South Carolina.  In support of the Motion to Dismiss, Defendant StarTrans submitted the Affidavit of Dennis Horn which affirmed that StarTrans is a trucking corporation located  in South Carolina, that StarTrans is not licensed to do business, nor does it do business, in the State of Colorado, that the trucks of StarTrans do not traverse the State of Colorado, that Defendant John David

Glover is not a resident of Colorado, and that the motor vehicle accident at issue in this case did not occur in Colorado. In Plaintiff's Motion to Change Venue and her Supplement thereto, she acknowledges that Colorado's Long Arm Statute, C.R.S. § 13-1-124 (2004) "may not provide sufficient bases for personal jurisdiction over the Defendants." Based on the foregoing, I find that Plaintiff has failed to establish a *prima facie* case of personal jurisdiction and conclude that this Court does not have personal jurisdiction over the Defendants.

Turning to the Motion to Change Venue, I agree with Defendants that Plaintiff's Motion to Change Venue is properly analyzed under 28 U.S.C. § 1631 rather than 28 U.S.C. § 1404. Section 1404(b) provides that:[u]pon motion . . . any action, suit or proceeding of a civil nature . . . may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. . . ." Because Plaintiff is requesting that this case be transferred to a different district, her Motion to Change Venue is not properly analyzed under section 1404(b). Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, Plaintiff is seeking transfer in order to avoid dismissal for lack of jurisdiction, not based on forum non conviens.

28 U.S.C. § 1631 pertains to transfers to cure want of jurisdiction and provides:

> Whenever a civil action is filed in a court . . . and that court
> finds that there is a want of jurisdiction, the court shall, if it is
> in the interest of justice, transfer such action or appeal to
> any other such court in which the action or appeal could
> have been brought at the time it was filed or noticed, and the
> action or appeal shall proceed as if it had been filed in or

> noticed for the court to which it is transferred on the date
> upon which it was actually filed in or noticed for the court
> from which it is transferred.

Whether to transfer a case pursuant to section 1631 is within the trial court's discretion. *Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763 -764 (10th Cir. 2004). Factors to be considered in deciding whether a transfer is in the interest of justice include (1) whether the claims would be barred by a statute of limitations if filed anew in the proper forum, (2) whether the claims alleged are likely to have merit, and (3) whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction . . .." *Young*, 98 Fed.Appx. at 764 (quoting *Trierweiler v. Croxton*, 90 F.3d 1523, 1544 (10th Cir. 1996) ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper."). I am unable to determine whether Plaintiff's claims are likely to have merit but it is clear from the allegations in the Complaint that this Court lacks personal jurisdiction over the Defendants. However, it is likely that Plaintiff's claims would be time-barred if she was forced to re-file this action in the U.S. District Court for the District of South Carolina. In her Complaint, Plaintiff seeks damages resulting from an accident that took place on February 27, 2002. Defendants concede that the statute of limitations in South Carolina for this type of case is three years, which is the same as the Colorado statute of limitations. Plaintiff filed her Complaint on February 25, 2005, nearly three-years after the accident at issue. Because Plaintiff's claims would likely be time-barred if I were to dismiss this case with prejudice, I find that it is in the interest of justice to

transfer the matter pursuant to 28 U.S.C. § 1631.

In conclusion, it is hereby

ORDERED that Defendant Star Trans, Inc.'s Motion to Dismiss, filed July 12, 2005 is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's Motion to Change Venue in Response to Star Trans, Inc.'s Motion to Dismiss, filed August 1, 2005, is **GRANTED.**  It is

FURTHER ORDERED that this matter shall be TRANSFERRED to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1631.

Dated:  November 9, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge